**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**WANDA SMITH**                                                                                          **PLAINTIFF**

**VERSUS**                                                        **CIVIL ACTION NO. 2:11cv35KS-MTP**

**THE HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, ET AL**                                                       **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the court on a Motion to Dismiss State Law Causes of

Action **[#4]** filed on behalf of the defendant, Hartford Life and Accident Insurance

Company ("Hartford") and on a Motion to Remand **[#8]** filed on behalf of the plaintiff,

Wanda Smith ("Smith").  The court, having reviewed the motions, the responses, the

briefs of counsel, the authorities cited, the pleadings and exhibits on file and being

otherwise fully advised int the premises finds that the defendants' motion to dismiss is

well taken and should be granted and that the plaintiff's motion to remand should be

denied.  The court finds specifically as follows:

<u>**BACKGROUND**</u>

Smith instituted this civil action in the Chancery Court of Forrest County,

Mississippi on September 24, 2010, seeking to recover benefits allegedly due to her

under an employer sponsored ERISA employee welfare benefit plan.  Hartford

thereafter timely filed a Notice of Removal with this court pursuant 28 U.S.C. § 1331

and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

In its removal petition, Hartford argued that this court has federal question jurisdiction over the present action.  Hartford then filed the present motion to dismiss Smith's state law claims of breach of contract, fraud, intentional and/or negligent misrepresentation, breach of fiduciary duty and negligence pursuant to Fed. R. Civ. P. 12(b)(6) asserting that those claims are foreclosed by the controlling case authority. Hartford also has moved to dismiss Smith's related claim for extra-contractual damages, asserting that the claim is preempted by ERISA.

In response to the motion to dismiss, Smith filed her motion to remand asserting ERISA § 502(e)(1) sets forth that the state courts of competent jurisdiction shall have concurrent jurisdiction with federal district courts for ERISA claims that arise under ERISA § 502(a)(1)(b) for claims seeking the payment of benefits under the subject plan, the enforcement of rights under the plan, and to clarify rights to future benefits under the terms of the plan.  Smith has alleged all of these claims in her Complaint.  Hartford objects to the motion to remand arguing that ERISA's grant of concurrent jurisdiction is not a grant of exclusive jurisdiction which would obviate Hartford's statutory right of removal.

## STANDARD OF REVIEW

## Dismissal

Hartford has moved the court to dismiss this matter under Rule 12(b)(6) for failure of Smith to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the Court may not go outside the pleadings, specifically the complaint in this case. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted).

**Remand**

The Fifth Circuit has consistently held that the party urging jurisdiction upon the

district court bears the burden of demonstrating that the case is one which is properly

before that Court.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993);

*Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray*

*v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975).  Even

though this court has a limited jurisdiction whose scope is defined by the constitution

and by statute, "[w]hen a federal court is properly appealed to in a case over which it

has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana*

*Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other

citations omitted).  Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5

L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not;

but it is equally true, that it must take jurisdiction if it should."


## ANALYSIS

### ERISA Plan

The parties all acknowledge that this action is governed by ERISA.  The Act

provides, "this chapter shall supersede any and all State laws insofar as they may now

or hereafter relate to any employee benefit plan. . . ."  29 U.S.C. § 1144(a).  The

Supreme Court has held that this language is "deliberately expansive," and is

designed to make regulation of employee benefit plans an exclusively federal concern.

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39

(1987).  Claims "relate to" an ERISA plan if they have "a connection with or reference

to" an employee benefits plan.  *Id.,* 481 U.S. at 47.  "[W]hen beneficiaries seek to recover benefits from a plan covered by ERISA, their exclusive remedy is provided by ERISA, in 29 U.S.C. § 1132(a)(1)(B).*"  Hansen v. Continental Ins. Co.,* 940 F.2d. 971, 979 (5th Cir.1991) (quoting, *Degan v. Ford Motor Co.*, 869 F.2d 889, 893 (5th Cir. 1989)).

Any argument that one is entitled to seek any relief regarding an ERISA plan other than that set forth in the civil enforcement provisions will face the Supreme Court's edict that "[t]he six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted [29 U.S.C. § 1132(a)], ..., provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985).

The United States Supreme Court has also set forth an additional test related to complete preemption under ERISA:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).  Thus, in order for complete preemption to apply, *Davila* requires inquiry into (1) whether Smith could have brought

her claim under § 502(a); and (2) whether no other independent legal duty supports her claim.

Smith seeks to recover damages in her Complaint under the state common law theory of breach of contract, fraud, intentional and/or negligent misrepresentation, breach of fiduciary duty and negligence.  It is clear that Smith's claim is within the scope of § 502(a)(1)(B) as she is unequivocally seeking benefits under the Policy. Additionally, Smith could have brought her claim under § 502(a) as she was a participant as defined by ERISA and thus had standing to bring this action.  *See* 29 U.S.C. § 1002(7).  Smith also acknowledges her right to seek relief under § 502(a)(1)(B) by referencing the court's subject matter jurisdiction under ERISA and that her action is brought pursuant to ERISA.  Thus, the first requirement of *Davila* is met.

As to the second prong of *Davila*, there is no separate legal duty supporting Smith's claim.  Her claim for long term disability benefits arises under an ERISA Plan as her state law claims against Hartford relate to the allegedly improper denial of her long  term disability claim under the Plan.  In other words, the duty upon which Smith's claim is based did not arise independently of the Plan.  Accordingly, both prongs of *Davila* for complete preemption are met in this case.  Smith is clearly seeking recovery for damages which are not  limited to those remedies available under ERISA.  Thus, all claims outside the perimeters of ERISA are preempted and subject to dismissal.

Smith also argues that she can pursue extra-contractual and punitive damages

-6-

under the "other appropriate equitable relief" language of § 1132(a)(3).  Whether such

damages are available under that section had was debated extensively after

*Massachusetts Mut. Life Ins. Co. v. Russell*, *supra*.  However, the Fifth Circuit in

*Corcoran v. United Healthcare, Inc.*, 965 F.2d 1321, 1335 (5th Cir. 1992), spoke to that

issue:

> Section 502(a)(3) provides relief apart from an award of benefits
> due under the terms of a plan.  When a beneficiary simply wants what
> was supposed to have been distributed under the plan, the appropriate
> remedy is § 502(a)(1)(B). . . . Damages that would give a beneficiary
> more than he or she is entitled to receive under the strict terms of the
> plan are typically termed "extracontractual."  Section 502(a)(3) by its
> terms permits beneficiaries to obtain "other appropriate equitable relief"
> to redress (1) a violation of the substantive provisions of ERISA or (2) a
> violation of the terms of the plan.

The Fifth Circuit went on to recognize that the courts are to be guided by
general principles of trust law, and to some extent by contract law, in deciding what is
meant by "other appropriate equitable relief."  However, it found that the emotional
distress and mental anguish damages sought by the Corcorans were not recoverable
under § 502(a)(3) (29 U.S.C. § 1132(a)(3)).  *Id.* at 1338.

In a decision handed down after *Corcoran,* the U.S. Supreme Court strongly
indicated that "other appropriate equitable relief" includes neither compensatory nor
punitive damages:

> Although they often dance around the word, what petitioners in fact seek
> is nothing other than compensatory *damages* -- monetary relief for all
> losses their plan sustained as a result of the alleged breach of fiduciary
> duties.  Money damages are, of course, the classic form of l*egal* relief.
> *Curtis v. Loether*, 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d
> 260 (1974); *Teamsters v. Terry*, 494 U.S. 558, 570–571, 110 S.Ct. 1339,
> 1347–1348, 108 L.Ed.2d 519 (1990); D. Dobbs, Remedies § 1.1, p. 3
> (1973). And though we have never interpreted the precise phrase "other
> appropriate equitable relief", we have construed similar language of Title
> VII of the Civil Rights Act of 1964 (before its 1991 amendments) -- "any
> other equitable relief as the court deems as appropriate," 42 U.S.C. §
> 2000e–5(g) — to preclude "awards for compensatory or punitive
> damages."  *United States v. Burke*, 504 U.S. 229, 238, 112 S.Ct. 1867,
> 1873, 119 L.Ed.2d 34 (1992)..

*Mertens v. Hewitt Associates*, 508 U.S. 248, 255 (1993).

Shortly thereafter, the Fifth Circuit spoke again on the development of federal

-7-

common law and the availability of extra-contractual damages under ERISA:

> The plain language of this statute does not mention recovery of extracontractual or punitive damages.  Nothing in the statute instructs us to fashion a federal common law remedy to grant plaintiffs the right to recover punitive or extracontractual damages. . . .
> We join the other circuits that have held that Section 502(a)(1)(B) does not allow the recovery of extracontractual or punitive damages.

*Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 31-32 (5th Cir. 1993).  It is thus clear, under prevailing federal law in this Circuit that neither extra-contractual nor punitive damages are available to Smith as a "federal common law" remedy for any claim she may assert under 29 U.S.C. § 1132(a)(1)(B).

**Removal**

    As to Smith's motion to remand, whether she properly initiated this ERISA action in state court is irrelevant to the question of Hartford's right to remove this case to federal court.  In challenging jurisdiction, Smith ignores the fact that a plaintiff's right to choose a forum has no bearing on the defendant's statutory right to remove this action to federal court.  Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending".  28 U.S.C. § 1441(a).

    One category of cases over which district courts have original jurisdiction are "federal question" cases, or those cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  District courts of the United States are given original jurisdiction over civil actions under ERISA pursuant to 28 U.S.C. § 1331 notwithstanding the amount in controversy or the citizenship of the parties, as those cases present a "federal question."  Therefore, the ERISA action brought by Smith is a federal question case subject to removal by Hartford and is properly before this court.

    IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss State Law Causes of Action **[#4]** filed on behalf of the defendant, Hartford Life and Accident Insurance Company is granted and that the Motion to Remand **[#8]** filed on behalf of the plaintiff, Wanda Smith is denied.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure. 58, Fed. R. Civ. P.

    SO ORDERED AND ADJUDGED this the 13th day of April, 2011.

            *s/Keith Starrett*
            UNITED STATES DISTRICT JUDGE