**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**WANDA SMITH**                                                                 **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:11cv35KS-MTP**

**THE HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, ET AL**                                        **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion to Dismiss Paragraphs 10-12 of

Plaintiff's Amended Complaint and Plaintiff's Claims for Extracontractual Damages **[#22]**

filed on behalf of the defendant, Hartford Life and Accident Insurance Company

("Hartford").  The court, having reviewed the motion, the response, the briefs of counsel,

the authorities cited, the pleadings and exhibits on file and being otherwise fully advised

in the premises finds that the defendant's motion to dismiss is well taken and should be

granted.  The court finds specifically as follows:


**BACKGROUND**

Smith instituted this civil action in the Chancery Court of Forrest County,

Mississippi on September 24, 2010, seeking to recover benefits allegedly due to her

under an employer sponsored ERISA employee welfare benefit plan.  Hartford

thereafter timely filed a Notice of Removal with this court pursuant 28 U.S.C. § 1331

and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

("ERISA").

In its removal petition, Hartford argued that this court has federal question jurisdiction over the present action.  Hartford then filed a motion to dismiss Smith's state law claims of breach of contract, fraud, intentional and/or negligent misrepresentation, breach of fiduciary duty and negligence pursuant to Fed. R. Civ. P. 12(b)(6) asserting that those claims are foreclosed by the controlling case authority.  Hartford also moved to dismiss Smith's related claim for extra-contractual damages, asserting that the claim is preempted by ERISA.

In response to the motion to dismiss, Smith filed her motion to remand asserting ERISA § 502(e)(1) sets forth that the state courts of competent jurisdiction shall have concurrent jurisdiction with federal district courts for ERISA claims that arise under ERISA § 502(a)(1)(b) for claims seeking the payment of benefits under the subject plan, the enforcement of rights under the plan, and to clarify rights to future benefits under the terms of the plan.  Hartford objected to the motion to remand arguing that ERISA's grant of concurrent jurisdiction is not a grant of exclusive jurisdiction which would obviate Hartford's statutory right of removal.

On April 13, 2012, this court granted Hartford's motion to dismiss and denied Smith's motion to remand.  Thereafter, Hartford filed the present motion to dismiss Smith's so-called breach of fiduciary duty claims contained in Paragraphs 10-12 of Smith's Amended Complaint and her claims for extra-contractual and punitive damages pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **STANDARD OF REVIEW**

Hartford has moved the court to dismiss this matter under Rule 12(b)(6) for

failure of Smith to state a claim upon which relief can be granted.  In ruling on a 12(b)(6) motion, the Court may not go outside the pleadings, specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted).

## ANALYSIS

### "Other Equitable Relief" Claims

Smith alleges in her Amended Complaint that she "entered into a long term disability benefits contract and plan" with her former employer, Hattiesburg Clinic.  She further alleges that "Defendants wrongfully, tortiously, and unjustifiably discontinued

paying Plaintiff long term disability benefits due to Plaintiff under the plan by way of a willfully [sic] erroneous determination, which was intentionally made without proper investigation and substantiation, that Plaintiff was no longer entitled to long term disability benefits." Am. Compl. at ¶ 8. Smith sets forth an ERISA §502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) claim for benefits in paragraph 9 of her Amended Complaint, based on the alleged wrongful termination of disability benefits. She then attempts to state ERISA claims for fiduciary breach pursuant to ERISA §502(a)(3) (29 U.S.C. § 1132 (a)(3)). See Am. Compl. at ¶¶ 10-12.

Smith's Amended Complaint is replete with allegations relating to the termination of her disability benefits and she is expressly seeking payment of those benefits. See ¶ 9. Even though, Hartford filed an Answer to Smith's Amended Complaint denying that she is due any of the requested relief, Hartford does admit that Smith's Amended Complaint substantively alleges a claim for benefits under § 1132(a)(1)(B) (502(a)(1)(B) of ERISA) in paragraph 9.

In essence, a claim under § 502(a)(1) of ERISA is a breach of contract action for failure to pay benefits due, or to clarify future benefits owed under a benefits plan. Smith specifically requests such relief in ¶ 9 of her Amended Complaint. Any claim other than for benefits must be asserted under subsections (a)(2) or (a)(3) of § 502. Section 502(a)(2) furnishes a remedy for breaches of fiduciary duty which generally pertain to the misuse or improper management of plan assets. Section 502(a)(3) provides a basis for relief for all other violations of ERISA or the terms of the plan, including breaches of fiduciary duty, not encompassed by §502(a)(2). Thus, under the framework of ERISA, Hartford argues that individual plaintiffs are precluded from

bringing breach of fiduciary duty claims for plan benefits where another avenue for relief is available, i.e., where, as here, Smith has specifically utilized the other available and more specific remedial provision by setting forth her claims under § 502(a)(1)(B) in ¶ 9.

Smith responds that a plain reading of the Amended Complaint yields no mention of a claim of breach of fiduciary duty, but only a claim that Hartford failed to abide by the terms of the plan by refusing "Plaintiff proper administrative appeal and remedies..." See Amended Complaint, ¶ 8.  Smith contends that the claims for equitable relief, as pled in Paragraphs 10-12 of the Amended Complaint, are for, in part, injunctive relief against Hartford in order to enjoin it and force it to abide by the administrative policies and remedies in the plan regarding Smith's appeal process, and to enjoin it from violating those plan terms in the future.  She thus argues that these are not damages claims (or breach of fiduciary duty claims as stated by Hartford), therefore, these claims fall within, and are allowed by, the framework found in ERISA § 503(a)(3).

In *Varity Corp. v. Howe*, 516 U.S. 489 (1996), the United States Supreme Court considered whether benefit plan participants, such as Smith, could rely on § 502(a)(3) of ERISA to obtain individual relief for breaches of fiduciary duty.  Viewing that section as ERISA's "catch all" provision, the U.S. Supreme Court held that participants and beneficiaries could assert an individual claim for relief under § 502(a)(3), but only when no "other appropriate equitable relief" is available under any of ERISA's other civil enforcement provisions.  516 U.S. at 512.  Recognizing that § 502(a)(1) specifically provides the avenue for participants to recover benefits due or to enforce rights under the terms of the plan, the Supreme Court admonished lower courts to exercise caution in allowing individuals to rely on the catchall provision of § 502(a)(3) when §

502(a)(1)(B) provides an adequate claim.  *Id.*

In the wake of *Varity*, the Fifth Circuit has held that ERISA plan participants who can avail themselves of potential remedies authorized by § 502(a)(1)(B) cannot additionally pursue equitable relief for breach of fiduciary duty under § 502(a)(2) or § 502(a)(3).  *See, e.g., Tolson v. Avondale Indus., et al.*, 141 F.3d 604, 610-11 (5th Cir. 1998) (adopting district court's analysis that "[b]ecause Tolson has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under § 1132(a)(1), relief through the application of § 1132(a)(3) would be inappropriate."); *Rhorer v. Raytheon Eng'rs and Constructors, Inc., et al.*, 181 F.3d 634, 639 (5th Cir. 1999) ("[I]t is readily apparent from Rhorer's complaint that her claim to recover plan benefits is the predominant cause of action in this suit. Accordingly, because § 1132(a)(1)(B) affords Rhorer an avenue for legal redress, she may not simultaneously maintain her claim for breach of fiduciary duty."); *Estate of Bratton v. Nat'l Union Fire Ins. Co., et al.*, 215 F.3d 516, 526 (5th Cir. 2000) ("Finally, the plaintiff in this purported § 502(a)(3) action is seeking only disability benefits allegedly due under the [] policy for which § 502(a)(1)(B) affords an adequate remedy.  Accordingly, the plaintiff cannot use a § 502(a)(3) *Varity* action in this case to preserve the district court's judgment."); *McCall v. Burlington N. Santa Fe Co.*, 237 F.3d 506, 512 (5th Cir. 2000) cert denied by 122 S. Ct. 57 (2001) (citing *Corcoran v. United Heathcare, Inc.*, 965 F.2d 1321, 1335 (5th Cir. 1992) (the appropriate remedy for benefits due under a plan is a "claim for denial of benefits under § 502(a)(1)(B) rather than a fiduciary duty claim brought pursuant to § 502(a)(3).")).

This court has similarly rejected individual claims for breach of fiduciary duty

when another avenue of relief under ERISA provides redress for the alleged wrong, such as § 502(a)(1)(B).  In *Hobbs v. Stroh Brewery Company*, 189 F. Supp. 2d 559, 565-66 (S.D. Miss. 2001), this court held that even though the plaintiff had not even properly pled an ERISA claim for benefits, his claim for breach of fiduciary duty was not allowed because his complaint was clearly seeking ERISA benefits.  Indeed, this court held that "ERISA law precluding such a claim could not be clearer."  *Id.* at 565.

Therefore, whether Smith characterizes her (a)(3) claim as an express "breach of fiduciary duty" claim is not dispositive of the question of whether she can simultaneously assert an (a)(1) claim.  Section 502(a)(1)(B) of ERISA empowers a claimant to bring a civil action to "recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of [her] plan."  Hartford admits that Smith substantively alleges a claim for benefits under § 502(a)(1)(B) of ERISA.  Because Smith already seeks injunctive relief to "enforce" her rights under the Plan and to "clarify" her rights to future benefits under the  Plan, Fifth Circuit case law is clear that she cannot also seek duplicative relief under the catch-all provision of § 502(a)(3).  Smith's arguments to the contrary are without merit.

**Extra-Contractual Damages Claims**

In her Amended Complaint, Smith carefully avoided the words "punitive damages," but she alleges she is entitled to extra-contractual damages "in order to deter the Defendants and those similarly situated from acting as these Defendants did toward Plaintiff, and to punish the Defendants for their conduct in the events giving rise to this action."  Am. Compl. at ¶ 16.  Hartford argues that seeking damages "to punish

-7-

Defendants" is, by definition, seeking punitive damages, which are not recoverable under ERISA.

However, Smith contends she is entitled to extra-contractual damages in this matter in the form of attorneys' fees and costs.  She argues that contrary to Hartford's assertions in its Motion to Dismiss, she has not made a claim for punitive damages in her Amended Complaint, but is only seeking attorneys fees, costs, and expenses, which are explicitly allowed in ERISA civil enforcement actions under  § 502(g)(1).

There is no doubt that punitive damages are not allowed in ERISA actions. *Ingersoll-Rand Co. v. McClendon,* 111 S. Ct. 478 (1990); *Suggs v. Pan Am. Life Ins. Co.*, 847 F. Supp. 1324, 1340 (S.D. Miss. 1994) ("neither extracontractual nor punitive damages are available to Plaintiff as a 'federal common law' remedy for any claim he may assert under 29 U.S.C. § 1132(a)(1)(B)."); *Cummings v. Union Sec. Ins. Co.*, 2007 U.S. Dist. LEXIS 40354 at *7 (S.D. Miss. June 1, 2007).   This is consistent with this court's April 13, 2011 ruling dismissing such claims.

Likewise, Smith's demand "for past, present, and future extreme mental and emotional anguish, anxiety, and suffering . . ." are not cognizable under either § 502(a)(1)(B) or § 502(a)(3).  *Wright v. Anthem Life Ins. Co. of Indiana, et al.*, 2000 U.S. Dist. LEXIS 8899, *17 (N.D. Miss. June 14, 2000) (neither extracontractual damages as recompense for emotional suffering nor punitive damages are authorized under ERISA's civil enforcement provisions).

With respect to Smith's claim for attorney's fees, Hartford admits that under ERISA, "the court in its discretion may allow a reasonable attorneys' fee and costs of action to either party." 29 U.S.C. § 1132(g)(1) (ERISA § 502(g)(1)).  Hartford concedes

that it is not seeking to dismiss of Smith's claim for fees, but notes that the award is purely discretionary with the court and there is no presumption in favor of awarding fees and costs.  *Riley v. Adm'r of Supersaver 401K Capital Accumulation Plan for Employees of Participating AMR Corp. Subsidiaries*, 209 F.3d 780, 782 (5th Cir. 2000); *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1459 (5th Cir. 1995).  Smith responds that at this point in the litigation, the court has not been apprised of the facts necessary to make the determination as to awarding attorney's fees and costs in this matter, and, as such, any ruling by the court on extra-contractual damages must carve out an exception for attorney's fees and costs.

While the decision of whether or not to award attorney fees is discretionary with the court, the Fifth Circuit has instructed district courts to consider the following factors in deciding this issue under § 1132(g)(1) of the Act.  Those factors are:

> (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney fees; (3) whether an award of attorney fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' position.

*Ironworkers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980).  These five factors have come to be known as the "*Bowen*" factors.

The first *Bowen* factor requires an analysis by the court into the extent of culpability or "bad faith" of Hartford in making the decisions it did regarding Smith's claim.  However, even though this analysis references issues of culpability or bad faith, such does not transform the attorney fee and cost issues into ones for extra-contractual

damages.  These are covered explicitly under § 1132(g)(1) of the Act (ERISA § 502(g)(1)), which Smith has pled, and there is no need for the court to reserve such claims from the dismissal of the extra-contractual damage claims sought by Hartford.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss Paragraphs 10-12 of Plaintiff's Amended Complaint and Plaintiff's Claims for Extracontractual Damages **[#22]** filed on behalf of the defendant, Hartford Life and Accident Insurance Company is granted.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure. 58, Fed. R. Civ. P.

SO ORDERED AND ADJUDGED this the 22nd day of November, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

\